UNITED STATES OF AMERICA,

      Plaintiff,

v.                                                                          Case No. 25-CV-1081

DAVID JONES, and
D. JONES PROPERTIES LLC,

      Defendants.

## PROTECTIVE ORDER

Based on the Stipulation of the parties, the Court finds that exchange of sensitive information between or among the parties and/or third parties other than in accordance with this Order may cause unnecessary damage and injury to the parties or to others. The Court further finds that the terms of this Order are fair and just and that good cause has been shown for entry of a protective order governing the confidentiality of documents produced in discovery, answers to interrogatories, answers to requests for admission, and deposition testimony.

IT IS THEREFORE ORDERED, pursuant to Fed. R. Civ. P. 26(c) and Civil L. R. 26(e), THAT:

**(A) DESIGNATION OF CONFIDENTIAL INFORMATION.** Designation of information under this Order must be made by placing or affixing on the document or material, in a manner that will not interfere with its legibility, the words "CONFIDENTIAL."

    (1) One who produces information, documents, or other material may designate them as "CONFIDENTIAL" when the person in good faith believes they contain confidential personal or financial information.

(2) For purposes of this Order, confidential information includes the following categories of information or documents: personally identifiable information, including names, residential and electronic addresses, Social Security numbers, taxpayer identification numbers, personal telephone numbers, and birth dates; financial information such as financial account numbers, income tax returns, bank account statements, and/or other personal or business financial records; personnel records; proprietary business information; tenant records; criminal records and histories, if any, which are not publicly available; and any other personally identifying information or personal medical (including psychological) information including history of sexual abuse, harassment, or assault, regarding any person, including individuals identified as an aggrieved individual, potential aggrieved individuals, and/or witnesses. Confidential information shall further include the identities of such persons' minor children. Information or documents that are available to the public may not be designated as confidential.

(3) Except for information, documents, or other materials produced for inspection at the party's facilities, the designation of confidential information as CONFIDENTIAL must be made prior to, or contemporaneously with, their production or disclosure. In the event that information, documents or other materials are produced for inspection at the party's facilities, such information, documents, or other materials may be produced for inspection before being marked confidential. Once specific information, documents, or other materials have been designated for copying, any information, documents, or other materials containing confidential information will then be marked confidential after copying but before delivery to the party who inspected and designated them. There will be

no waiver of confidentiality by the inspection of confidential information, documents, or other materials before they are copied and marked confidential pursuant to this procedure.

(4) Portions of depositions will be deemed confidential only if designated as such when the deposition is taken or within 30 days of receipt of the deposition transcript.

(5) If a party inadvertently produces information, documents, or other material containing CONFIDENTIAL information without marking or labeling it as such, the information, documents, or other material shall not lose its protected status through such production and the parties shall take all steps reasonably required to assure its continued confidentiality if the producing party provides written notice to the receiving party within 10 days of the discovery of the inadvertent production, identifying the information, document or other material in question and of the corrected confidential designation.

**(B) DISCLOSURE AND USE OF CONFIDENTIAL INFORMATION.** Information, documents, or other material designated as CONFIDENTIAL under this Order must not be used or disclosed by the parties or counsel for the parties or any persons identified in subparagraphs (B)(1) and (2) below for any purposes whatsoever other than preparing for and conducting the litigation in which the information, documents, or other material were disclosed (including appeals). Nothing in this Order prohibits a receiving party that is a government agency from following its routine uses and sharing such information, documents or other material with other government agencies or self-regulatory organizations as allowed by law.

(1) CONFIDENTIAL INFORMATION. The parties and counsel for the parties must not disclose or permit the disclosure of any information, documents or other material designated as "CONFIDENTIAL" by any other party or third party under this Order, except that disclosures may be made in the following circumstances

3

(a) Disclosure may be made to employees of counsel for the parties or, when the party is a government entity, employees of the government, who have direct functional responsibility for the preparation and trial of the lawsuit. Any such employee to whom counsel for the parties makes a disclosure must be advised of, and become subject to, the provisions of this Order requiring that the information, documents, or other material be held in confidence.

(b) Disclosure may be made only to employees of a party required in good faith to provide assistance in the conduct of the litigation in which the information was disclosed who are identified as such in writing to counsel for the other parties in advance of the disclosure of the confidential information, documents or other material.

(c) Disclosure may be made to court reporters engaged for depositions and those persons, if any, specifically engaged for the limited purpose of making copies of documents or other material. Before disclosure to any such court reporter or person engaged in making copies, such reporter or person must agree to be bound by the terms of this Order.

(d) Disclosure may be made to consultants, investigators, or experts (collectively "experts") employed by the parties or counsel for the parties to assist in the preparation and trial of the lawsuit. Before disclosure to any expert, the expert must be informed of and agree to be subject to the provisions of this Order requiring that the information, documents, or other material be held in confidence.

(e) Disclosure may be made to deposition and trial witnesses in connection with their testimony in the lawsuit and to the Court and the Court's staff.

4

(f) Disclosure may be made to persons already in lawful and legitimate possession of such CONFIDENTIAL information.

**(C) MAINTENANCE OF CONFIDENTIALITY.** Except as provided in subparagraph (B), counsel for the parties must keep all information, documents, or other material designated as confidential that are received under this Order secure within their exclusive possession and must place such information, documents, or other material in a secure area.

(1) All copies, duplicates, extracts, summaries, or descriptions (hereinafter referred to collectively as "copies") of information, documents, or other material designated as confidential under this Order, or any portion thereof, must be immediately affixed with the words "CONFIDENTIAL" if not already containing that designation.

(2) To the extent that any answers to interrogatories, transcripts of depositions, responses to requests for admissions, or any other papers filed or to be filed with the Court reveal or tend to reveal information claimed to be confidential, these papers or any portion thereof must be filed under seal or restricted to case participants by the filing party with the Clerk of Court utilizing the procedures set forth in General L. R. 79(d). If a Court filing contains information, documents, or other materials that were designated "CONFIDENTIAL" by a third party, the party making the filing shall provide notice of the filing to the third party.

**(D) CHALLENGES TO CONFIDENTIALITY DESIGNATION.** A party may challenge the designation of confidentiality by motion. The movant must accompany such a motion with the statement required by Civil L. R. 37. The designating party bears the burden of proving that the information, documents, or other material at issue are properly designated as

confidential. The Court may award the party prevailing on any such motion actual attorney fees and costs attributable to the motion.

**(E) CONCLUSION OF LITIGATION.** At the conclusion of the litigation, a party may request that all information, documents, or other material not filed with the Court or received into evidence and designated as CONFIDENTIAL under this Order must be returned to the originating party or, if the parties so stipulate, destroyed, unless otherwise provided by law. Notwithstanding the requirements of this paragraph, a party may retain a complete set of all documents filed with the Court, subject to all other restrictions of this Order.

**(F) CONTACT BETWEEN DEFENDANTS AND THE AGGRIEVED PERSON OR OTHER WITNESSES IDENTIFIED BY THE UNITED STATES**. From and after the date of entry of this Order and until such time as this litigation, including any appeals, is concluded, Defendants or anyone operating on their behalf or on their direction (excluding counsel of record, counsel's employees, or anyone hired by Defendant's counsel for the purpose of representing the Defendant in this action) shall not--absent exigent business-related circumstances--intentionally contact or attempt to contact any persons identified by the United States in its initial disclosures, discovery responses, or any other document or communication as allegedly aggrieved persons or other witnesses. Exigent business-related circumstances are those reasonably expected to result in imminent destruction of property or physical harm to individuals. Defendants are not prohibited from contacting any of Defendants' tenants regarding rent or other issues related to their tenancy in the regular course of business. Should counsel for Defendants contact any person identified by the United States as an alleged victim or individual with knowledge of Defendants' alleged discriminatory housing practices in the regular course of business, counsel for Defendants shall inform counsel for the United States of such contact and simultaneously provide a copy of any

such written communication to counsel for the United States. Should any person identified by the United States as an alleged victim or individual with knowledge of Defendants' alleged discriminatory housing practices contact Defendants in the regular course of business, Defendants may respond for that limited purpose. Defendants' counsel shall not reveal to Defendants the current residential address, email address, or telephone number of any persons identified by the United States in its initial disclosures, discovery responses, or any other document or communication as allegedly aggrieved persons or other witnesses.

**(G) PROHIBITION AGAINST COERCION, INTIMIDATION, THREATENING, AND INTERFEREING.** This Order prohibits Defendants or anyone operating on their behalf or at their direction from: coercing, intimidating, threatening, or interfering with any person in the exercise or enjoyment of, or on account of his or her having exercised or enjoyed, or on account of his or her having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected by the Fair Housing Act; or engaging in coercion, intimidation, threats, or interference that hinder, delay, prevent, or discourage any person from testifying, participating, or cooperating in this lawsuit.

**IT IS SO ORDERED.**

Dated at Green Bay, Wisconsin this 28th day of October, 2025.

*s/ Byron B. Conway*
BYRON B. CONWAY
United States District Judge
